IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KWAME A. ROCKWELL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:14-CV-01055-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | (Death Penalty Case) |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

On January 12, 2015, this Court granted the motion of petitioner Kwame A. Rockwell for the appointment of counsel subject to the satisfaction of the filing-fee requirement. (ECF No. 3.) On February 2, 2015, appointed counsel filed an application to proceed *in forma pauperis* ("IFP") on behalf of Rockwell. (ECF No. 5.) On February 20, 2015, appointed counsel filed a motion to withdraw due to an unforeseen conflict of interest. (ECF No. 6.) On April 20, 2015, appointed counsel filed a motion to remain appointed because she had resolved the conflict of interest. (ECF No. 7.)

The Court finds that the motion for counsel to remain in this case is proper because no actual conflict of interest came into existence. Therefore, the motion to remain (ECF No. 7) is GRANTED and the prior motion to withdraw as counsel (ECF No. 6) is DENIED as withdrawn.

Rockwell's motion to proceed IFP (ECF No. 5) duly attached a certificate of inmate trust account showing that Rockwell had $57.25 in his inmate trust account on January 23, 2015.[1] This

---

[1] The transactional history appears to show small deposits as a Christmas Action and by the Salvation Army.

amount is above the threshold amount of $50.00 set by a local rule that became effective in 1977 and applies to both capital and non-capital habeas petitioners regardless of whether counsel is appointed. *See* Misc. Order 13 at ¶ 9 (N.D.Tex. Feb. 1, 1977). In contrast, the Federal Rules of Civil Procedure allow financially eligible habeas petitioners for whom counsel is appointed to proceed without prepayment of fees and costs or security therefor and, importantly, without filing the affidavit required to proceed IFP. *See* 18 U.S.C. § 3006A(d)(7). This would relieve appointed counsel from performing the services necessary to obtain the documentation required to satisfy the filing fee requirement in addition to her or his other duties in furtherance of the interests of the habeas petitioner. These attorney services by appointed counsel qualify for compensation by this Court at the current rate of $181.00 per hour regardless of whether the application is granted. If the IFP application is not granted, then the appointment is subject to being canceled if the $5.00 filing fee is not subsequently paid by the habeas petitioner. The Court cannot reimburse appointed counsel for making this payment out of her or his own pocket even if paid to protect the death-row inmate's "mandatory right to qualified legal counsel" under 18 U.S.C. § 3599(a)(2) recognized in *McFarland v. Scott,* 512 U.S. 849, 854 (1994). *See* Guide to Judiciary Policy § 230.66.30.

This threshold amount is set by local rule and "a district court has discretion to waive or excuse noncompliance with its local rules." *Fluor Intercontinental, Inc. v. IAP Worldwide Servs., Inc.,* 533 F. App'x 912, 922 n.35 (11th Cir. 2013) (citing *Quick v. Peoples Bank of Cullman Cnty.,* 993 F.2d 793, 798-99 (11th Cir. 1993)). Rockwell's financial condition qualifies him for the appointment of counsel under 18 U.S.C. § 3599(a)(2). Therefore, the Court finds that the requirement of this local rule should be waived in this case.

Rockwell's application to proceed IFP (ECF No. 5) is GRANTED and the filing-fee requirement is satisfied.

**SO ORDERED** on this 21st day of April, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**